# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:11-CR-197 <br> Judge Crone/Judge Mazzant |
| KELIAN DEMOND DENSON | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motions to Suppress (Dkt. #29). Having considered the relevant pleadings, the Court is of the opinion that Defendant's motions should be denied.

## BACKGROUND

Defendant seeks to suppress evidence of a handgun found in the trunk of the vehicle, and statements regarding the handgun made subsequent to the discovery. Defendant argues that the search of the trunk exceeded the scope of the consent given to search the vehicle. Further, Defendant contends that the interrogation of Defendant was a product of the unreasonable search, and any statements made as a result of this interrogation should also be suppressed.

On May 1, 2012, at a hearing on the motion to suppress, the Government offered the testimony of Officer George Johnson. In addition, the Government offered a transcript and video of the stop. Officer Johnson testified that he was a patrol officer with the City of Plano, and had worked there for twelve (12) years. On August 22, 2011, Officer Johnson observed a vehicle traveling northbound on Highway 75 between Parker Road and Spring Creek in Plano, Texas. The vehicle was a green Mercury Marquis. Officer Johnson observed that the rear license plate was not illuminated, and that the rear license was a paper tag that expired on June 15, 2011. As Officer

Johnson observed this vehicle, the hazard lights came on and the occupants jumped out of the vehicle and began pushing it. At this time Officer Johnson activated his overhead lights and the vehicle stopped at a Shell station.

Officer Johnson identified the driver of the vehicle as Defendant Kelian Denson, and the passenger as Bryan Davenport. Defendant informed the officer that the lights in the vehicle were going dim, and the vehicle was "pulling". Defendant also informed Officer Johnson that he purchased the vehicle two weeks prior for $50, and put a motor in the vehicle. Officer Johnson testified that he observed marijuana residue on the passenger's shirt, and a large chunk of tobacco in the vehicle. Officer Johnson indicated that often people will remove the tobacco from a cigar and replace it with marijuana for smoking, which is called a blunt. At this time, Officer Johnson requested a back-up officer. When a second officer arrived, Officer Johnson notified the Defendant that he saw the tobacco, which looked like someone hollowed out a blunt. In response, Defendant stated, "You can go in there and look. Ain't nothing in there." Exhibit 1a, page 11, line 20-21. Officer Johnson stated that he believed Defendant was giving consent to search the vehicle, and again repeated, "Okay. So it's okay if I search the car?" *Id*. at page 12, line 4-5. Defendant agreed and made a motion as if to open the car door for Officer Johnson to begin his search. At that time, Officer Johnson searched both persons with consent, and began to search the passenger compartment of the vehicle.

Within the passenger compartment of the vehicle, Officer Johnson located a cigarette box with a plastic baggie that contained off-white substances he identified as cocaine. Officer Johnson placed both persons in handcuffs for safety purposes. At that time, Officer Johnson also gave both persons their Miranda warnings. Defendant agreed to answer questions, and claimed ownership of

2

the cocaine found inside the vehicle. Officer Johnson continued his search, and located two baggies of marijuana in the driver door console. Officer Johnson then opened the trunk of the vehicle using a button located inside the vehicle, and observed a black case in the back of the vehicle with a handgun inside. The handgun had a round in the chamber, and in response to questioning by Officer Johnson, Defendant indicated that the handgun came with the car and belonged to him.

Defendant asserts that the search of the trunk exceeded the scope of the consent given by Defendant, and that it is unreasonable from the consent given to open a locked gun case inside the trunk. The Government contends that Defendant did not limit the scope of the search to just the passenger compartment. Further, the Government argues that once Officer Johnson found drugs inside the vehicle, he then had probable cause to search the entire vehicle.

## ANALYSIS

The Fourth Amendment ensures that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The warrantless search of an area in which Defendant has a privacy interest is per se unreasonable, unless the Government can show that an exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967). Fourth Amendment jurisprudence recognizes several warrant exceptions. "Voluntary consent to a search is an exception to the general prohibition on warrantless searches." *United States v. Jacobs*, 125 Fed. App'x 518, 523 (5th Cir. 2005) (*citing United States v. Jenkins*, 46 F.3d 447, 454 (5th Cir. 1995)). The Court considers six factors in determining the voluntariness of consent, which are:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the

defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Id*. (citing *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir.1997)). The voluntariness of the consent given is determined by a totality of the circumstances, and no one factor is dispositive. *Id*.

The Court finds the consent given by Defendant to search the vehicle was voluntary. At the time Defendant gave consent, he was not in the custody of the officers. In addition, Defendant volunteered to allow Officer Johnson to search the vehicle in response to questions regarding the blunt in the passenger compartment. Officer Johnson did not ask Defendant if he could search the vehicle; it was not until after Defendant gave consent that Officer Johnson confirmed Defendant would allow him to search the vehicle.

When searching a vehicle without a warrant, "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." *United States v. Ross*, 456 U.S. 798, 809 (1982). "An individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." *Id*. at 823. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id*. at 825. In *Gant*, the Supreme Court notes that "*Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Gant*, 129 S.Ct. at 1721. Therefore, if the law enforcement officers had probable cause, then Defendant's motion to suppress should be denied.

Probable cause is defined as "whether at that moment the arrest was made, the officers had...facts and circumstances within their knowledge and of which they had reasonably trustworthy

information that was sufficient to warrant a prudent man in believing that [Defendant] had committed or was committing an offense." *Charles v. Smith*, 894 F.2d 718, 723 (5th Cir. 1990) (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)). "The existence of probable cause is determined by reviewing the totality of the circumstances." *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

The Court finds that Officer Johnson had probable cause to search the entire vehicle, including the trunk. Officer Johnson's initial search of the passenger compartment of the vehicle was based on Defendant's consent. However, once Officer Johnson located the cocaine and marijuana within the passenger compartment of the vehicle, he then had reasonably trustworthy information sufficient to support his belief that Defendant had committed or was committing an offense. Therefore, Officer Johnson had probable cause, which justified the search of the trunk of the vehicle and its contents. *See Ross*, 456 U.S. at 825. In addition, because the search of the vehicle was proper, there is no basis to apply the exclusionary doctrine to exclude the statements made by Defendant when asked about the ownership of the handgun.

## RECOMMENDATION

The Court recommends that Defendant's Motions to Suppress (Dkt. #29) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of May, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE